| | |
|---|---|
| EMMETT HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>MKRTCHYAN,<br><br>        Defendant. | Case No. 2:19-cv-1040-JAM-JDP (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>PLAINTIFF IS GRANTED 30 DAYS TO FILE A THIRD AMENDED COMPLAINT<br><br>ECF No. 27 |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He claims that defendant Mkrtchyan violated the Eighth Amendment when treating him at a private hospital. Defendant has filed a motion to dismiss, arguing that defendant was not acting under color of state law at the time of the alleged conduct. I find dismissal appropriate because plaintiff has not sufficiently alleged that defendant was a state actor liable for constitutional violations, but I will give plaintiff an opportunity to amend his complaint.

**Factual Background**

Plaintiff alleges that on June 10, 2019, he was taken to contraband surveillance watch after chewing and swallowing a controlled substance. ECF No. 18 at 3. He alleges that he was

1

not feeling well and was transported to Mercy Hospital of Folsom, where defendant pumped his stomach. *Id.* He claims that defendant unreasonably inserted a tube into his rectum and that this conduct was maltreatment amounting to deliberate indifference. *Id.*

**Motion to Dismiss Standard**

A motion to dismiss brought under Rule 12(b)(6) tests the legal sufficiency of a claim, and granting the motion is proper if there is no cognizable legal theory of liability or if insufficient facts are alleged to support a cognizable theory. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). A court's review is generally limited to the operative pleading. *See Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). A pleading is sufficient under Rule 8(a)(2) if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief" that gives "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Additionally, a court must construe a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and may only dismiss such a complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

**Analysis**

Defendant argues that he was not a prison official acting under the color of law for purposes of 42 U.S.C. § 1983, and that claims against him must therefore be dismissed. Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326

(1941)).  Plaintiff bears the burden of establishing that defendant is a state actor, and there is a presumption that private individuals and entities do not act under the "color of state law" within the meaning of § 1983. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

Private hospitals, doctors, and nurses are not generally considered state actors amenable to suit under § 1983. *See Briley v. California*, 564 F.2d 849, 855-56 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section."); *see also Babchuk v. Indiana Univ. Health, Inc.*, 809 F.3d 966, 970-71 (7th Cir. 2016); *Fonseca v. Kaiser Permanente Med. Ctr. Roseville*, 222 F. Supp. 3d 850, 862 (E.D. Cal. 2016) ("[E]ven though doctors' services are 'affected with a public interest,' the same may be said of many professions, and this does not automatically convert their every action into an action of the state.") (citation omitted).

However, an inmate plaintiff can state a claim if he alleges that the defendant contracted directly with the state to provide medical services to inmates. *See West v. Atkins*, 487 U.S. 42, 54 (1988); *George v. Sonoma Cnty. Sheriff's Dep't*, 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010) ("A private . . . hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of § 1983."); *Davis v. Paramo*, No. 3:16-CV-0689-BEN-JMA, 2017 WL 2578747, at *10 (S.D. Cal. June 13, 2017), *report and recommendation adopted*, No. 3:16-CV-0689-BEN-JMA, 2017 WL 2959170 (S.D. Cal. July 11, 2017); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam) (finding state action where hospital "contract[ed] with the state . . . to provide medical services to indigent citizens); *see also Rojas v. Johnson*, No. 3:17-CV-01287-JAH-JMA, 2017 WL 4245728, at *3 (S.D. Cal. Sept. 25, 2017).

When a plaintiff fails to make such allegation, the claims are insufficient for the court to find that the defendant is a state actor for the purposes of committing a constitutional violation. *See Thomas v. Hickman*, No. CV F06-0215AWI SMS, 2006 WL 2868967, at *35 (E.D. Cal. Oct. 6, 2006) (dismissing claims against the defendant when the plaintiff failed to allege that a contract with the State to provide medical services to prison inmates or the plaintiff existed).  Here,

plaintiff has not alleged that defendant was a state actor in any capacity, and accordingly, defendant's motion to dismiss will be granted.

**Leave to Amend**

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))). Because the complaint could state a claim if it were to include allegations that defendant acted under the color of state law, leave to amend is appropriate.

Plaintiff is cautioned that any amended complaint must only identify individuals as defendants who personally and substantially participated in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form . . . the same case or controversy." *See* 28 U.S.C. § 1367(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Any amended complaint must be complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. An amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("'[The] amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). The court cautions plaintiff to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also to spacing and organization.

4

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss (ECF No. 27), is granted, and plaintiff's Second Amended Complaint (ECF No. 18) is dismissed with leave to amend within 30 days from the date or service of this order; and

2. failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons states herein.

IT IS SO ORDERED.

Dated: June 25, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE